UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN CHARLES FEEK,

                Petitioner,                 Case No. 2:17-cv-13375
                                                            Hon. Victoria A. Roberts

v.

ERICK BALCARCEL,

                Respondent.
_____/

## OPINION AND ORDER DENYING MOTION TO DISMISS (Dkt. 7) AND HOLDING CASE IN ABEYANCE

John Charles Feek filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges Petitioner's St. Joseph Circuit Court guilty plea conviction to first-degree criminal sexual conduct. MICH. COMP. LAWS § 750.520b. Petitioner was sentencing to 25 to 50 years' imprisonment.

The petition raises five claims: (1) Petitioner was denied the effective assistance of counsel at sentencing, (2) Petitioner was denied the effective assistance of counsel during his direct appeal, (3) Petitioner was denied his right to due process during sentencing, (4) the sentencing guidelines were incorrectly scored, and (5) Petitioner's minimum sentence is disproportionate to his offense.

Presently before the Court is Respondent's motion to dismiss the petition on the grounds that Petitioner's first, second, third, and fourth claims have not been exhausted in the state courts. Because of concerns posed by the statute of limitations, the Court will deny the motion and instead hold the case in abeyance while Petitioner exhausts his state court remedies.

1

## I. Background

Following his conviction and sentence Petitioner raised what now forms his fifth habeas claim in the Michigan Court of Appeals. His sentence was affirmed. *People v. Feek*, No. 331100 (Mich. Ct. App. Feb. 19, 2016). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court. On July 26, 2016, the Michigan Supreme Court denied the application by form order. *People v. Feek*, 882 N.W.2d 140 (2016) (Table). The one-year statute of limitations for filing his federal habeas petition begin running 90 days later, on October 24, 2016.

It does not appear that Petitioner ever filed a motion for relief from judgment in the trial court. See Dkt. 9-1.

On October 12, 2017, with less than two weeks remaining on the statute of limitations, Petitioner filed his federal habeas petition.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to present all their claims to the state courts before raising their claims in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Thus, to be properly exhausted, each habeas claim must have been fairly presented to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Federal district courts ordinarily must dismiss a habeas petition containing any unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982).

Petitioner's fifth habeas claim was exhausted during his direct appeal, but his other claims have never been presented to the state courts. Thus, the habeas petition consists of one exhausted claim and four unexhausted claims.

The outright dismissal of the petition while Petitioner exhausts his state remedies with respect to his four unexhausted claims could result in a subsequent petition being barred by the applicable one-year statute of limitations. Less than two weeks remained on the limitations period when Petitioner filed his habeas petition. Given the tension created by the interplay between the statute of limitations and the exhaustion requirement, courts are permitted to employ a "stay-and-abeyance" approach. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). This approach allows a district court to stay the federal proceeding and hold the habeas petition in abeyance while the petitioner pursues state remedies for his unexhausted claims. *Id*. After the state court completes its review of the petitioner's claims, the federal court can lift its stay and allow the petitioner to proceed in federal court. *Id*. at 275-76.

This stay-and-abeyance procedure is appropriate only in "limited circumstances." *Id*. at 277. However, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. "In such circumstances, the district court should stay, rather than dismiss, the mixed petition," because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interest in finality and speedy resolution of federal petitions." *Id*.

On the record provided, it cannot be determined whether Petitioner's unexhausted claims are plainly meritless, and in any event, he claims his appellate counsel was ineffective for failing

to raise them on direct review. Furthermore, there is no indication or allegation by Respondent that Petitioner is engaged in intentionally dilatory litigation tactics.

### III. Conclusion

Accordingly, the Court will deny Respondent's motion to dismiss, and instead it will stay the petition and hold the case in abeyance while Petitioner exhausts his state court remedies for his unexhausted claims.

The Court orders Petitioner to file a motion for relief from judgment in the trial court within sixty (60) days of this order, and then file timely appeals through the Michigan appellate courts if his motion is denied. If he is unsuccessful in state court and wishes to return to federal court, he must move to re-open this case and file an amended petition within sixty (60) days of exhausting state remedies for his claims. The motion must include the same case number that appears on this order. Failure to comply with the conditions of this stay could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

Finally, to avoid administrative difficulties, the Court orders the Clerk of Court to close this case. Nothing in this order shall be considered a disposition of the habeas petition.

**SO ORDERED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Court

Dated: December 6, 2018